**The STATE of Ohio**

v.

**ENGLISH.**

2002-Ohio-5440.]

Elyria Municipal Court, Ohio,
Lorain County.

No. 01CR04043.

Decided Oct. 1, 2002.

---

Margaret O'Bryon, for plaintiff.

Kenneth Lieux, for defendant.

---

GEORGE FERGUSON, Judge.

{¶ 1} Defendant, George English Jr., a black male, and his friend, Leonard Rose, a white male, were at Denny's Restaurant. The waitress asked Leonard Rose to leave because he did not pay his bill the last time he was there. When Leonard Rose refused, the waitress summoned two police officers who were in the restaurant at the time. Leonard Rose was instructed by the officers that he would have to leave the restaurant. Defendant was instructed that he could stay. When defendant began to ask questions, the officers instructed him that he, too, would have to leave.

{¶ 2} Both Leonard Rose and defendant went to the Elyria Police Station and filled out an "Elyria Police Department Officer Involved Citizen Complaint Report" (Plaintiff's Exhibit A), stating that the police officers called Leonard Rose an "asshole" and called George English Jr. a "nigger."

{¶ 3} An investigation was conducted by the Elyria Police Department. Both officers, the manager, and the waitress all said that those words were not used. The police officers were exonerated, meaning no disciplinary action was taken.

{¶ 4} The investigating officer then filed a criminal complaint against both Leonard Rose and George English Jr.

{¶ 5} Defendant, George English Jr., was charged with a violation of R.C. 2921.15 under a criminal complaint that reads as follows:

{¶ 6} "Complainant, being duly sworn, states that George English, Jr. in the State of Ohio, County of Lorain, City of Elyria, at location 640 Tillotson, Denny's Restaurant, on or about 6/29/2001, unlawfully did knowingly make a false complaint against a peace officer that alleged misconduct in the performance of said peace officer's duties. In violation of 2921.15."

{¶ 7} R.C. 2921.15(B) reads as follows:

{¶ 8} "No person shall knowingly file a complaint against a peace officer that alleges that the peace officer engaged in misconduct in the performance of the officer's duties if the person knows that the allegation is false."

{¶ 9} The first issue this court must resolve is the meaning of the word "complaint." The legislature did not explain what it meant or intended by the word "complaint" as used in R.C. 2921.15. There is no reported case under R.C. 2921.15 that defines this word. Therefore, this court must first look to R.C. 1.42, which provides: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

{¶ 10} Black's Law Dictionary (6th Ed. 1990) 285 defines complaint, in criminal law, as a charge, preferred before a magistrate having jurisdiction, that a person named has committed a specific offense, with an offer to prove the fact, to the end that a prosecution may be instituted. In the case before this court, defendant's complaint was not "preferred before a magistrate."

{¶ 11} The word "complaint" has been given a particular meaning by legislative definition in Crim.R. 3, which reads as follows:

{¶ 12} "The *complaint* is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." (Emphasis added.)

{¶ 13} Criminal laws are to be strictly construed. R.C. 1.11. Therefore, this court must give the word "complaint" the same meaning the legislature gave it in Crim.R. 3. Applying this definition to the facts in this case, the prosecution has failed to prove beyond a reasonable doubt that defendant filed a "complaint." If the legislature intended that the word "complaint" should mean writing something on a piece of paper with the word "complaint" at the top, and then giving it to the police or prosecutor, the legislature should define the word accordingly.

{¶ 14} The Ohio Jury Instruction Committee, composed of judges, has been unable to agree on the meaning of the word "complaint" as used in this statute. Hence there is no jury instruction to give to a jury defining the word "complaint."

{¶ 15} Since this court's research did not disclose any reported Ohio case interpreting R.C. 2921.15, the court looked to other states. California adopted Penal Code Section 148.6(a)(1), which provides: "Every person who files any allegation of misconduct against any peace officer * * * knowing the allegation to be false, is guilty of a misdemeanor." The law requires that the alleged misconduct occur during the course of the officer's official duties. This law is substantially the same as R.C. 2921.15.

{¶ 16} Two California cases, *People v. Stanistreet* (2001), 93 Cal.App.4th 469, 113 Cal.Rptr.2d 529, and *Hamilton v. San Bernardino* (C.D.Cal.2000), 107

F.Supp.2d 1239, held this California criminal statute to be unconstitutional. One is a state court decision and the other is a federal court decision.

{¶ 17} In *People v. Stanistreet*, the defendants were convicted in the Superior Court, Ventura County, California, Nos. 97CO10155 and 97C010156, of filing a false report of a criminal offense, and knowingly filing a false charge of police misconduct. Defendants appealed.

{¶ 18} In reversing the lower court, the court of appeals held that a statute making it a crime to knowingly file a false charge of police misconduct makes an impermissible content-based discrimination directed solely at a specific class of speech, namely, citizen complaints of police misconduct, in violation of the First Amendment.

{¶ 19} The court of appeals went on to say that Penal Code Section 148.6 makes it a crime to knowingly make a false accusation of misconduct against a peace officer. It is not a crime to knowingly make such an accusation against a firefighter, a paramedic, a teacher, an elected official, or anyone else. By protecting only peace officers, Section 148.6 selectively prohibits expression because of its content. It therefore violates the First Amendment to the United States Constitution.

{¶ 20} In *Hamilton v. San Bernardino*, the plaintiff brought an action against the city and city police officers, alleging a violation of his civil rights arising from his detention and challenging the constitutionality of the statute, California Penal Code Section 148.6, which makes it a misdemeanor to knowingly file false misconduct allegations against a police officer. The city filed a motion for dismissal. The motion was denied. The United States District Court for the Central District of California, Eastern Division, held that the statute was subject to strict scrutiny, that the statute was not narrowly tailored to serve any compelling state interest, and, thus, that the statute violated the Free Speech Clause of the United States Constitution.

{¶ 21} In its opinion, the United States District Court quoted *R.A.V. v. St. Paul*, (1992), 505 U.S. 377, 382, 112 S.Ct. 2538, 2542, 120 L.Ed.2d 305: "The First Amendment generally prevents government from proscribing speech * * * or even expressive conduct * * * because of disapproval of the ideas expressed," and "[c]ontent-based regulations are presumptively invalid."

{¶ 22} Section 148.6 treats defamatory complaints for misconduct against a peace officer, knowing the complaint to the false, differently from defamatory complaints against other public officials. Individuals who knowingly file false complaints of misconduct against peace officers can be prosecuted under Section 148.6, while individuals who knowingly make false complaints against other public officials are not subject to prosecution.

{¶ 23} The United States District Court concluded that California Penal Code Section 148.6 classifies certain defamatory statements made against peace officers differently than similar complaints made against all other public officials and in so doing it creates a distinction based on the content of the complaints—whether the targets of the complaints are peace officers or other public officials.

{¶ 24} Section 148.6 impermissibly discriminates on the basis of the content of the speech which it criminalizes and, therefore, facially violates the First Amendment and the Fourteenth Amendment's Equal Protection Clause of the United States Constitution.

{¶ 25} This court is not aware of any Ohio statute that makes it a crime to file a false complaint against any public official except a police officer or peace officer. Any person can file a false complaint against the President, Governor, mayor, United States Senator or Congressman, state senator or representative, city councilperson, fireman, paramedic, judge, prosecutor, or any other public official except peace officers, and it is not a crime. R.C. 2921.15 singles out peace officers and places them into a special privileged category making it a crime to file a false complaint against them, and, therefore, this statute is unconstitutional.

{¶ 26} This court finds that the word "complaint" as used in R.C. 2921.15 must be given the meaning that the legislative gave it in Crim.R. 3. The defendant did not file a "complaint" within the meaning of Crim.R. 3 and therefore cannot be found guilty of violating R.C. 2921.15.

{¶ 27} Further, this court adopts the reasoning in the two California cases and finds that R.C. 2921.15 is an unconstitutional violation of the Free Speech Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. R.C. 2921.15 is content-based. It classifies defamatory statements against peace officers differently from similar complaints against all other public officials and creates a distinction based on the content of the complaint, whether the targets of the complaints are peace officers or other public officials.

{¶ 28} This court finds the defendant not guilty of the charge. He is discharged, and any bond is released. Copy to parties.

Judgment accordingly.